IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 4, 2018

**BOBBY CHISM v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 15-00016          Paula Skahan, Judge**

———————————————————

**No. W2017-01016-CCA-R3-PC**

———————————————————

The Petitioner, Bobby Chism, appeals the Shelby County Criminal Court's denial of post-conviction relief from his guilty plea to two counts of aggravated robbery, one count of aggravated burglary, and one count of employment of a firearm during the commission of a dangerous felony. The Petitioner argues that his guilty plea was involuntary and that he received ineffective assistance of counsel. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Robert Brooks, Memphis, Tennessee, for the appellant, Bobby Chism.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Pam Stark, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Plea Submission Hearing.** At this hearing, the State provided a recitation of the facts supporting entry of the Petitioner's guilty plea:

> [H]ad [this case] gone to trial [the] State would have shown on July 22[],
> 2014[,] officers in the Memphis Police Department responded to a robbery
> called at [the victims' apartment].

The victim, [V.P.] . . . indicated she was sleeping in her bedroom, a male woke her up pointing a handgun at her face, made her stay in bed and exited the bedroom.

Another victim [D.B.], . . . indicated another male woke her up, slapped her in the face, took her phone. So there were two people involved, one was caught, identified as [the Petitioner]. He gained entry to their residence without permission.

It was the [accomplice] that had a gun who pointed [it] at the victims, not [the Petitioner]. Our Tennessee case law indicated that under criminal responsibility [the Petitioner] could be found guilty of that employing a firearm during the commission of a felony, and he's pleading guilty [to] that.

[The Petitioner] was identified as the person who came into this residence and stole property from the victims. The two victims, I believe, were mother and daughter.

That event occurred in Shelby County, Tennessee.

After trial counsel stipulated that there was a factual basis for the Petitioner's guilty plea, the trial court reviewed the plea agreement with the Petitioner, explaining the offenses to which the Petitioner was pleading guilty and the sentence ranges for each offense. The court advised the Petitioner of his right to a jury trial, his right to cross-examine witnesses, his right to subpoena and present witnesses in his own behalf, his right to testify, and his right to remain silent. The court explained that if the Petitioner proceeded to trial and was convicted, he would have the right to appeal and to appointed counsel; however, if the Petitioner chose to enter a guilty plea, he would be convicted of those offenses and would not have the right to appeal. The trial court informed the Petitioner that if he entered this guilty plea, the felonies would be convictions on his criminal record and would be used to enhance punishment for any future offenses. During this hearing, the Petitioner asserted that no one was forcing or pressuring him into pleading guilty and that he was satisfied with the services provided by trial counsel. He also confirmed that he wished to waive his rights and enter a guilty plea. The trial court, after finding that the plea was knowingly and voluntarily entered, accepted the Petitioner's guilty plea to two counts of aggravated robbery, one count of aggravated burglary, and one count of employment of a firearm during the commission of a dangerous felony and sentenced him, pursuant to the plea agreement, to an effective sentence of nine years.

**Post-Conviction Hearing.** The Petitioner timely filed a petition for post-conviction relief, alleging that trial counsel had provided ineffective assistance by failing to show adequate preparation throughout the preliminary proceedings and by allowing him to enter an involuntary and unknowing plea to "a possibl[y] illegal sentence." Following the appointment of counsel, the Petitioner filed an amended post-conviction petition, alleging the additional claims that he was coerced into pleading guilty and that trial counsel was ineffective in failing to raise a statutory claim regarding the employment of a firearm charge and in failing to obtain a reduced sentence for him.

At the ensuing hearing, post-conviction counsel initially informed the court that they were not going to proceed with the hearing because, after talking with the Petitioner at length, he felt there were no grounds on which to proceed. Post-conviction counsel asserted that although he had thoroughly researched the issues, he had found nothing to support the Petitioner's allegations and that the Petitioner had no evidence to present in support of his petition. The State noted that one of the Petitioner's issues concerned his convictions for both employment of a firearm and aggravated robbery; however, it explained that the aggravated burglary was the predicate felony for the employment of a firearm count, not the two aggravated robberies.

The post-conviction court questioned the Petitioner under oath about post-conviction counsel's assertion that there was no evidence to support the Petitioner's claims. The Petitioner claimed that he could not be guilty of employment of a firearm because the State, in its recitation of the factual basis supporting his guilty plea, acknowledged that the Petitioner had not possessed the gun during the incident. He also claimed that he could not be guilty of the employment of a firearm charge because his aggravated robberies, which he claimed were the predicate felonies for the firearm count, required proof that he possessed a deadly weapon. The Petitioner asserted that he would not have been found guilty at trial under the theory of criminal responsibility because he did not know his accomplice had a gun. At the conclusion of this questioning, the court decided to move forward with the post-conviction hearing because the Petitioner was essentially arguing that he should have proceeded to trial.

During the hearing, the Petitioner claimed that he entered his guilty plea because he was "ignorant of the law" and had received ineffective assistance from trial counsel. He asserted that he had wanted to proceed to trial and had informed trial counsel of this decision. However, whenever he told trial counsel that he wanted a trial, trial counsel had tried to persuade him to enter a guilty plea.

Although the Petitioner admitted that he had entered a guilty plea and had acknowledged the rights he was waiving prior to doing so, he claimed that he was nervous and incompetent at the time of his plea and that trial counsel had coerced him

into signing the plea agreement. The Petitioner said he felt pressured to enter his guilty plea because trial counsel informed him that if he did not "sign [the plea agreement] today[,]" then he would receive the maximum sentence on each charge, according to the trial judge. He said that at the time of his plea, he had different attorneys in his different cases, and they all talked to him at the same time, which further pressured him. The Petitioner also claimed that trial counsel told him he had gone to school with the prosecutor and they were "good friends" and that he did not want to try a case against her. The Petitioner acknowledged that he received the minimum sentence for all of his charges pursuant to his plea agreement.

The Petitioner claimed he urged trial counsel to file pre-trial motions, but trial counsel told him he would not file any motions until the day of trial. Specifically, the Petitioner wanted trial counsel to file a motion to suppress the gun used during the incident; however, he never identified a legal basis for the suppression. He said he wanted trial counsel to file a motion to suppress the gun in order to confirm whether the State had the gun in its possession.

The Petitioner claimed he never received the preliminary hearing transcript or an "unredacted" discovery packet. He said the transcript of the preliminary hearing would have shown that he did not possess the gun during the offense. However, the State explained that preliminary hearings were not transcribed until a case was set for trial. The Petitioner also claimed that the "unredacted" discovery packet would have detailed all the evidence the State had against him. He asserted, and the State confirmed, that the victim statements had been redacted from his discovery packet. The Petitioner admitted he was unaware that witness statements were not required to be disclosed until after they testified at trial and that there was no legal basis for trial counsel to demand the redacted information. The Petitioner later conceded that he had received the unredacted witness statements. He insisted that these statements would have been helpful to his case because they showed that he did not possess the gun during the incident.

Finally, the Petitioner argued that trial counsel was ineffective for failing to argue that the Petitioner should not have been charged with or convicted of aggravated robbery and employment of a firearm because he did not possess the gun during the offense. He claimed he would not have been found guilty under the theory of criminal responsibility because he never knew there was a gun involved in the offense and never possessed a gun, which was consistent with the victims' testimony at the preliminary hearing. The Petitioner asserted that he should have been charged with simple robbery and assault because he slapped one of the victims and took her phone.

- 4 -

Trial counsel testified that the Petitioner was in control of whether his case proceeded to trial and that whenever his clients requested a trial, he ensured that they received a trial. Trial counsel asserted that the Petitioner never asked him for a trial.

He said he informed the Petitioner the day of the plea hearing that he did not have to plead guilty and that it was his decision whether to enter the plea or proceed to trial. Despite the Petitioner's claims to the contrary, trial counsel said that he and the prosecutor were not friends and that he had gone to school in Arkansas while the prosecutor had gone to school in Memphis. Trial counsel recalled that there was some evidence of an attempted sexual assault during the incident, which the prosecutor had agreed not to pursue in exchange for the Petitioner entering his guilty plea.

Trial counsel stated that although he reviewed the State's discovery with the Petitioner several times, there were no valid motions to file, which he explained to the Petitioner. He said the Petitioner never asked him to file a motion to suppress evidence of the gun. Trial counsel asserted that there was never an indication that the State recovered the gun used during the incident. Instead, he believed the State's knowledge of a gun came from the victims' statements. Trial counsel said he knew of no grounds for a motion to suppress evidence of the gun that was based on statements from witnesses. He also said it was the policy of the district attorney's office that once a motion to suppress was filed, the defendant would not receive a plea offer, which prevented attorneys from filing frivolous suppression motions. Trial counsel opined that the State would not have had trouble convincing a jury that the Petitioner knew his accomplice had a gun during the home invasion.

Trial counsel said he attempted to get a transcript of the preliminary hearing, but it had not been transcribed. He also tried to get a copy of the tape recording of the preliminary hearing several times but was unable to obtain it. He said that he spoke with the attorney who had represented the Petitioner at the preliminary hearing to ensure that there was nothing he should know when preparing the Petitioner's defense and that the attorney's responses corresponded with the information he had already received from the State. During the hearing, post-conviction counsel said that he had listened to the recording of the preliminary hearing, and there was nothing in it that would have been helpful to the Petitioner's post-conviction case.

On May 9, 2017, the post-conviction court entered its order denying relief. Regarding the Petitioner's claim that his guilty plea was coerced, the court found that the Petitioner "ha[d] failed to show that the Court did not ensure his understanding of the plea and its consequences or that Petitioner did not enter into the plea freely and voluntarily." As to the claim that trial counsel was ineffective in failing to provide competent representation throughout the preliminary proceedings, the post-conviction

- 5 -

court determined that because the Petitioner had "not shown by clear and convincing evidence that trial counsel's performance was below the objective standard of reasonableness under prevailing professional norms," the Petitioner had failed to establish "a reasonable probability that[,] but for trial counsel's performance, the case would have resulted in a different outcome or that he would not have accepted the plea." In addition, regarding the Petitioner's claim that trial counsel provided ineffective assistance in failing to object to his employment of a firearm charge, the court noted that the firearm charge, as well as the other charges, had resulted from a grand jury indictment and that the "Petitioner ha[d] failed[to] state a valid claim." Finally, as to the claim that trial counsel's ineffectiveness prevented him from receiving a reduced sentence, the post-conviction court recognized that the Petitioner "receiv[ed] the minimum sentence on all charges" and had failed to present any evidence to support this claim. Following entry of the order denying post-conviction relief, the Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner argues that the trial court erred in denying post-conviction relief. He asserts that his guilty plea was not knowing and voluntary because it was coerced. He also contends that trial counsel was ineffective by failing to provide competent representation throughout the preliminary proceedings, by failing to object to his employment of a firearm charge, and by failing to obtain a reduced sentence for him. We conclude that the post-conviction court properly denied relief.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. We are bound by the factual findings of the post-conviction court unless the preponderance of the evidence is otherwise. Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011) (citing Tenn. R. App. P. 13(d); Dellinger v. State, 279 S.W.3d 282, 294 (Tenn. 2009); Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006); Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001)). However, our review of mixed questions of law and fact, such as the validity of a guilty plea or a claim of ineffective assistance of counsel, is de novo with no presumption of correctness. Felts, 354 S.W.3d at 276; Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010).

A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger, 279 S.W.3d at 293-94. Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane, 316 S.W.3d at 562; Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

To be valid, a guilty plea must be entered knowingly, voluntarily, and intelligently. Lane, 316 S.W.3d at 562 (citing State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977); North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 747 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)). When determining whether a guilty plea was knowingly, voluntarily, and intelligently entered, the court must consider "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Id. (quoting Grindstaff, 297 S.W.3d at 218). In making this determination, a trial court may consider a number of factors, including:

> 1) the defendant's relative intelligence; 2) the defendant's familiarity with criminal proceedings; 3) the competency of counsel and the defendant's opportunity to confer with counsel about alternatives; 4) the advice of counsel and the court about the charges and the penalty to be imposed; and 5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial.

Howell v. State, 185 S.W.3d 319, 330-31 (Tenn. 2006) (citing Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993)). A plea is not voluntary if it is the result of "'[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats . . . .'" Blankenship, 858 S.W.2d at 904 (quoting Boykin, 395 U.S. at 242-43).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Vaughn, 202 S.W.3d at 116 (citing Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Strickland v. Washington, 466 U.S. 668, 687 (1984)). A petitioner successfully demonstrates deficient performance when the petitioner establishes that his attorney's conduct fell "below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 370 (quoting Strickland, 466 U.S. at 694). "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Id. (citing Strickland, 466 U.S. at 697).

After reciting the post-conviction court's findings, the Petitioner limits his entire argument in this case to a single sentence: "Petitioner would respectfully disagree with the conclusions of the Court based on the grounds set forth in his Pro Se Petition, his

Amended Petition, and his testimony at his Post-Conviction hearing." The plea agreement, the plea submission hearing transcript, and trial counsel's testimony at the post-conviction hearing refute the claims made by the Petitioner. Moreover, the record fully supports the post-conviction court's determinations that the Petitioner knowingly and voluntarily entered his guilty plea and that trial counsel provided effective assistance. Because the Petitioner has failed to prove his factual allegations by clear and convincing evidence, we affirm the post-conviction court's denial of relief.

_____
CAMILLE R. MCMULLEN, JUDGE